## JOHN POWERS v. CALVIN WITTY.

*(Decided in February, 1872.)*

The judgment of a justice in summary proceedings is conclusive in a subsequent proceeding on the part of the landlord, for the rent, and it makes no difference that the judgment was taken by default.

EXCEPTIONS to a judge's charge directing a verdict for the plaintiff, ordered to be heard at general term.

*A. C. Anderson* and *John Graham*, for plaintiff.

*W. H. Duryea* and *J. F. Baker*, for defendant.

Opinion of the court [*] by J. F. DALY, J., and DALY, Ch. J. Judgment for plaintiff.

Reported in full in 42 How. Pr. 352.

## ELIZABETH FLYNN v. MARY F. HATTON.

*(Decided in July, 1872.)*

A promise by a landlord to repair, made after delivery and acceptance of a lease, requires a new consideration to render it binding.

But such promise furnishes no ground for awarding additional damages, except so far as the tenant (the landlord not having actually commenced to make the repairs) is delayed and hindered in making them (primarily) at his own expense.

The mere agreement of the landlord to repair, has reference only to the condition of the building or premises demised, for the purpose of their profitable use; and the pecuniary benefit to be derived from their enjoyment; or loss from being deprived of their use in such state of repair as the agreement intended. Such an agreement in no way contemplates destruction of life, or casualties to the person or property of any one, which might accidentally result from an omission to fulfil the agreement.

Where a child three years of age was, through the inattention of its parents, injured by falling from a piazza—a part of the private premises of the family in a tenement house—known to the parents to be defective and insecure by reason of natural decay; *Held,* a case of contributory negligence on the part of the parents in charge of a child too young to exercise discretion to avoid such a danger.

The rights of recovery of a child for negligent injury to its person, are controlled by the neglect of its parents, to the same extent as if it were capable of governing its own conduct, and had been equally neglectful.

APPEAL by defendant from a judgment.

*Albert Matthews*, for appellant.

*F. H. Bryan*, for respondent.

[*] Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.